# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY C. PITRE<br>    LA. DOC #475323<br>VS. | CIVIL ACTION NO. 08-1831<br><br>SECTION P |
| JAMES LeBLANC, SECRETARY<br>LOUISIANA DEPARTMENT OF PUBLIC<br>SAFETY AND CORRECTIONS | JUDGE MELANÇON<br><br>MAGISTRATE JUDGE METHVIN |

## ORDER

*Pro se* petitioner Anthony C. Pitre, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on November 25, 2008. On July 8, 2009, the undersigned completed an initial review of the petition and exhibits and ordered the respondent to file an answer and a certified copy of the State court record. [rec. doc. 9] Respondent has requested [rec. doc. 15] and obtained an extension of time – until October 2, 2009 – to file a response and a copy of the court record. [rec. doc. 17]

Meanwhile, on July 14, 2009 petitioner filed a "Motion for De Novo Review and Evidentiary Hearing" seeking an evidentiary hearing on his pending *habeas* claims and asking the Court to disregard the standards for review set forth in 28 U.S.C. §2254(d). [rec. doc. 11] On July 28, 2009 petitioner filed a "Motion to Produce Trial Transcript" seeking a free copy of "those portions of the transcript upon which his federal claims are based." [rec. doc. 18] On the same date he filed a "Motion and Order for Access to Legal Research" seeking an order directing the Secretary of Louisiana's Department of Public Safety and Corrections "to provide him with

meaningful access to the [Elayn Hunt Corrections Center] law library for computerized legal research in connection with" his *habeas* suit. [rec. doc. 19]

Rule 8 of the Rules Governing Section 2254 Cases in the District Court provides, "If the petition is not dismissed, <u>the judge must review the answer, any transcripts and records of state-court proceedings</u>, and any materials submitted under Rule 7 <u>to determine whether an evidentiary hearing is warranted</u>." Likewise, the decision on whether to apply the deferential standard of §2254(d) cannot be made until such time as the respondent's answer and the State court record have been reviewed. Petitioner's motions for de novo review and an evidentiary hearing are clearly premature.

Petitioner's motion for production of the transcript is simply without merit. Petitioner is not entitled to a free copy of his transcript to search for possible trial defects merely because he is indigent. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975).

Finally, petitioner's Motion and Order for Access to Meaningful Legal Materials must be interpreted as a request for a preliminary injunction. In order to be entitled to a preliminary injunction, a litigant must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

A prisoner alleging inadequacies in the prison law library raises an "access to the courts violation" and in order to be entitled to relief he must demonstrate that he has suffered or will imminently suffer actual injury. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 2180. The inmate must show that the library "hindered his efforts to pursue a legal claim." *Id.* To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 2181. Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. *Id.* at 2181-82.

Petitioner implies that he will be disadvantaged unless he has access to a computer and legal data base. This claim, however, is purely speculative; petitioner has not demonstrated a substantial threat of actual injury and therefore petitioner is not entitled to the relief he seeks.

Considering the foregoing,

Petitioner's "Motion for De Novo Review and Evidentiary Hearing" [rec. doc. 11], his "Motion to Produce Trial Transcript" [rec. doc. 18], and his "Motion and Order for Access to Legal Research" [rec. doc. 19] are **DENIED.**

Signed at Lafayette, Louisiana, on August 7, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)